UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARIE CLIFFORD | * | |
| | * | CIVIL ACTION NO: 8:12-CV-1331 |
| | * | (FJS/RFT) |
| VERSUS | * | |
| | * | |
| PREFERRED MUTUAL INSURANCE | * | |
| COMPANY | * | |

*******************************************

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, PREFERRED MUTUAL INSURANCE COMPANY (hereinafter referred to as "Preferred Mutual") a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  Preferred Mutual files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court.  Preferred Mutual respectfully shows as follows:

I.

On July 5, 2012, Plaintiff, Marie Clifford, filed a Complaint in the Supreme Court of the State of New York, County of Clinton, entitled *"Marie Clifford v. Preferred Mutual Insurance Company,"* bearing case number 2012-1050. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

---

[1]  *See* 42 U.S.C. §4001 *et seq*.
[2]  44 C.F.R. §62.23(f).
[3]  42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F3d. 1314, 1316 (11th Cir. 2003). *See also*, *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

{00649317}

II.

For the reasons that follow, Preferred Mutual hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, U.S.C. §1337 and 28 U.S.C. §1367.

    A.    **REVIEW OF PLAINTIFF'S COMPLAINT**

1.    At paragraph 4, Plaintiff alleges that there was a policy of insurance providing coverage for damage as a result of water issued by Preferred Mutual for the property made subject of this lawsuit.

2.    At paragraph 6, Plaintiff alleges that on or about April 29, 2011, and then again on May 21, 2011 and May 23, 2011 the property made subject of this lawsuit suffered damages as a result of flooding.

3.    At paragraph 10 Plaintiff alleges that she provided Defendant with timely notice of the flood loss.

4.    At paragraph 11, Plaintiff alleges that she "performed all of the required conditions of the insurance policy except where excused by waiver or estoppel on the part of the Defendant."

5.    At paragraph 12, Plaintiff alleges that "no more than one year has elapsed since the date of the written denial of Plaintiff's claim."

6.    At paragraph 13, the Plaintiff alleges that "Defendant has paid only a portion of the losses claimed by Plaintiff and Defendant refuses pay any further loss for damage to the structure or damage to the contents."

7.    At paragraph 14, the Plaintiff alleges that "Defendant's failure to pay the legitimate claims of the Plaintiff under the policy of insurance referred above has been wanton, willful, and in

bad faith."

8.	Plaintiff seeks judgment against Preferred Mutual in the amount of $43,000 as well as consequential and punitive damages and costs, interest and attorney's fees.

**B.	THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

9.	Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

10.	Preferred Mutual, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

11.	Preferred Mutual cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2009 edition).

12.	Further, Preferred Mutual has no authority itself to tailor or alter NFIP policies backed by the government.   44 C.F.R. §62.23.

13.	Preferred Mutual's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.   It is clear that Preferred Mutual, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States.  *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

14.	All flood claim payments made by a WYO Program carrier, such as Preferred

Mutual, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.  In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

15. Any judgment that might be rendered in this case against Preferred Mutual arising out of how it adjusted Plaintiff's SFIP claim would be paid by the federal government, and not by Preferred Mutual.  In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton,* 245 F.3d at 1311 and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

16. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.  *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979).  In *West*, 573 F.2d at 881, the original Fifth Circuit stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies

which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

C.   **FEDERAL JURISDICTION**

   (1).   **42 U.S.C. §4072 – Original Exclusive Jurisdiction**

   17.   42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP. In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

   18.   Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case.  *See Shuford,* 508 F. 3d at 1344; *Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.,* 786 So.2d 676 (Fla. App. 1 Dist., 2001).

   19.   Plaintiff is aware of the requirement of filing suit in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Preferred Mutual is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing suit in federal court.  Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this

{00649317}

5

requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

20. In this case, Plaintiff alleges that Preferred Mutual has not paid for covered losses under the flood policy and has failed to make said payments, thereby breaching its contract of flood insurance. *See* Paragraphs 13-15 of Plaintiff's Complaint. Thus, Plaintiff has made a claim arising out of how Preferred Mutual handled the flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

### (2).    28 U.S.C. §1331 - Federal Question Jurisdiction

21. Preferred Mutual asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

22. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning."  *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a

federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

23. Clearly, the payment that the Plaintiff seeks from Preferred Mutual under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

24. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Preferred Mutual asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**(3). Federal Jurisdiction Under 28 U.S.C. §1337**

25. As an additional basis for federal jurisdiction, Preferred Mutual contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is well aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce,...".

26. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the *National Flood Insurance Act of 1968, as amended* held that:

> States have no regulatory control over the Program's operations. [FN3].
>
> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

27.     Therefore, original jurisdiction in this Court is conveyed pursuant to 28 U.S.C. §1337.

28.     There is no concurrent subject matter jurisdiction in state courts. *See Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348 (11th Cir.2000); *McCormick v. Travelers*, 103 Cal. Rptr.2d 258 (Cal. App. 1st. Cir. 2001), *review denied*; *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001)(reversing a $900,000 judgment for lack of subject matter jurisdiction in state court); and *Battle v. Siebels Bruce Ins. Comp.,* 288 F. 3d 596 (4th Cir. 2002) (wherein the Fourth Circuit vacated an order remanding the case to state court). However, the reverse is true as federal courts do have pendent jurisdiction over state-law-based causes of action. *See Whiting v. Univ. of Southern Miss.*, 451 F.3d 339(5th Cir. 2006) (where action is before federal court on federal question jurisdiction, court may exercise pendent jurisdiction over state law claims where there exists a common nucleus of operative fact).

D.     **SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

29.     To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

30.     All of the claims put at issue in the Plaintiff's Complaint arise from the Property damage that were allegedly sustained as a result of a flood . As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim,

and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Siebels, supra; Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

E.   **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

31.   Preferred Mutual notes that its first knowledge or notice of the suit was on August 6, 2012, when it received a copy of the lawsuit via Certified Mail from the New York Department of Financial Services. The 30-day period in which to remove does not commence running until the defendant is actually served. Preferred Mutual was served with the lawsuit on August 6, 2012. This Notice of Removal is filed on August 27, 2012. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

32.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

33.   Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Preferred Mutual to date.

## CONCLUSION

WHEREFORE, Defendant, Preferred Mutual Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this

Court's docket.

Dated: August 27, 2012.

           Respectfully submitted,

           **ISEMAN, CUNNINGHAM, RIESTER & HYDE**

           *s/ James P. Lagios*
           James P. Lagios, Esq. (Bar Roll No. 511501)
           9 Thurlow Terrace
           Albany, New York 12303
           Tel. (518) 462-3000
           Fax (518) 462-4199
           Email: jlagios@icrh.com
           Local Counsel for Preferred Mutual Insurance Company

           And

           **NIELSEN LAW FIRM**

           Michael Breinin, Esq.
           *Pro Hac Vice Forth-Coming*
           mbreinin@nielsenlawfirm.com
           3838 North Causeway Blvd., Suite 2850
           Metairie, LA 70002
           Phone: (504) 837.2500
           Facsimile: (504) 832.9165
           National Local Counsel for Preferred Mutual Insurance Company