UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIE CLIFFORD,

                              Plaintiff,

                v.                            8:12-CV-1331
                                                            (FJS/RFT)

PREFERRED MUTUAL INSURANCE COMPANY,

                              Defendant.

_____

**APPEARANCES**                                                **OF COUNSEL**

**NILES, PILLER & BRACY, PLLC**               **EVAN F. BRACY, ESQ.**
46-48 Cornelia Street                                **JOHN M. CROTTY, ESQ.**
PO Box 786
Plattsburgh, New York 12901-0786
Attorneys for Plaintiff

**ISEMAN, CUNNINGHAM, RIESTER &**     **JAMES P. LAGIOS, ESQ.**
**HYDE, LLP**
9 Thurlow Terrace
Albany, New York 12203
Attorneys for Defendant

**NIELSEN, CARTER & TREAS LLC**            **MICHAEL D. BREININ, ESQ.**
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On August 6, 2012, Plaintiff sued Defendant in New York State Supreme Court, County of Clinton, alleging that Defendant paid only a portion of the flood insurance coverage to which Plaintiff was entitled under her Standard Flood Insurance Policy ("SFIP"). Defendant removed the action to this Court on August 27, 2012.

**II. BACKGROUND**

In her complaint, Plaintiff alleges that she is the holder of an SFIP that Defendant issued. Plaintiff's home was damaged due to flooding which occurred on April 29, 2011. Another flood between May 21, 2011, and May 23, 2011, caused additional damage to Plaintiff's home.

Plaintiff signed her First Proof of Loss resulting from the first flood, claiming $30,422.24, on June 10, 2011. Defendant mailed Plaintiff two checks on June 16, 2011: a $29,363.10 Building Claim Payment and a $2,856.46 Contents Claim Payment, for a total payment on that date of $32,219.56.

Plaintiff submitted her Second Proof of Loss to Defendant claiming $8,221.21 on July 19, 2011. Defendant submitted a waiver request to the Federal Emergency Management Agency ("FEMA"), asking for permission to pay the claim despite the fact that Plaintiff had submitted her Second Proof of Loss after the 60-day deadline established in Article VII(J)(4) of the SFIP. Defendant mailed Plaintiff two checks on July 26, 2011: a $6,473.25 Building Claim Payment and a $2,286.70 Contents Claim Payment, for a total payment on that date of $8,759.95. On July 26, 2011, Defendant also mailed Plaintiff a letter, stating:

2

> In review of the [Evans Report], the physical evidence . . .
> indicated that the subject building was not structurally damaged by
> hydrodynamic forces . . . . The adjuster's supplemental report
> indicates there is pre-existing damage to your building from earth
> movement. We are denying any damages from earth movement,
> pursuant to the [SFIP].

On July 29, 2011, an engineer from Architectural & Engineering Design Associates, P.C. ("AEDA") issued a report indicating that flooding caused damage to the home's firewall foundation and floor "in the form of excessive settlement." In a subsequent supplemental report, the engineer opined that it was "unlikely this condition existed prior to the flooding and floor settlement." Subsequently, on September 1, 2011, National Fire Adjustment Company, Inc. ("National Fire") prepared an estimate of costs to repair Plaintiff's home. The total estimate was $44,542.27.

Thereafter, Plaintiff submitted a Third Proof of Loss to Defendant. This Third Proof of Loss listed $44,542.77 as the full cost of repair or replacement, less $4,454.22 in applicable depreciation, for an actual cash value loss of $40,088.05. Defendant submitted a waiver request to FEMA, asking for permission to pay a proof of loss signed on September 29, 2011 (apparently Plaintiff's Third Proof of Loss) despite the fact that it was dated after the 60-day deadline. FEMA granted the waiver request. Defendant apparently made no payment in response to this Third Proof of Loss.

Plaintiff submitted her Fourth Proof of Loss to Defendant claiming $6,792.10 on November 19, 2011. Defendant submitted a waiver request to FEMA, asking for permission to pay the claim despite the fact that Plaintiff had submitted this Fourth Proof of Loss after the 60-day deadline. Neither Plaintiff nor Defendant submitted any documentation to indicate whether FEMA granted a waiver to pay this Fourth Proof of Loss. However, Defendant mailed Plaintiff

3

two checks on December 2, 2011: a $5,292.85 Building Claim Payment and a $1,499.25 Contents Claim Payment, for a total payment on that date of $6,792.10.

On December 7, 2011, Defendant mailed Plaintiff a $252.21 check for Building Claim Payment.

Defendant informed Plaintiff via letter that it would not pay a portion of her Third Proof of Loss because those damages resulted from "earth movement," which, Defendant noted, was not covered under the SFIP. Plaintiff appealed Defendant's denial of her Third Proof of Loss to FEMA. FEMA officials evaluated Plaintiff's claim in conjunction with correspondence and the documentation from National Fire. On May 7, 2012, FEMA's Director of Claims for the National Flood Insurance Program ("NFIP") informed Plaintiff and Defendant that, "[o]n the basis of all information provided by the parties involved in this matter, FEMA concurs with [Defendant's] final decision."

Currently before the Court are Plaintiff's and Defendant's motions for summary judgment.

### III. DISCUSSION

**A. Timeliness of Plaintiff's Third Proof of Loss**

Defendant argues that Plaintiff's Third Proof of Loss is untimely and therefore her suit is barred as a matter of law. Defendant notes that Plaintiff submitted her Third Proof of Loss in excess of 150 days after the April 29, 2011 date of loss. Defendant argues that this untimely submission bars her Third Proof of Loss under Article VII(J)(4) of the SFIP, which requires that a claimant submit a proof of loss to her insurer within sixty days after the date of loss. *See* 44

C.F.R. § 61, App. A(1) art. VII(J)(4) (2015). Defendant argues that FEMA never granted a waiver for Plaintiff's Third Proof of Loss, but that it granted waivers for other proofs of loss.

However, documentation that Plaintiff has presented shows that FEMA issued a waiver for a proof of loss, which Defendant submitted on Plaintiff's behalf, on "September 29, 2011." *See* Nov. 28, 2011 FEMA Email. The only waiver request bearing the date "September 29, 2011," is the waiver request for Plaintiff's Third Proof of Loss. This Court must conclude, therefore, that FEMA granted a waiver in order to allow Defendant to submit Plaintiff's Third Proof of Loss, dated September 29, 2011, for $40,088.05.

Accordingly, this Court finds that Plaintiff's suit is not time-barred.

**B.      Coverage for claimed damages under the SFIP**

The issue appears to be Defendant's refusal to compensate Plaintiff for damage to the concrete slab beneath Plaintiff's home, damages which apparently resulted from the movement of sand and/or soil beneath the slab during or after the flood. With the December 2, 2011 checks, Defendant also enclosed a letter, stating:

> We are denying payment for any earth movement, deterioration and mold damages, pursuant to the [SFIP]. . . .
>
> We are rejecting the difference of $33,043.74 from the [Third Proof of Loss] and the claim payment of $7,044.31, pursuant to the [SFIP], VII. General Conditions, M. Loss Payment as we are denying the non-covered damages to the foundation from settlement, deterioration and mold. . . .

Under the SFIP, policyholders are not insured for "loss to property caused directly by earth movement even if the earth movement is caused by the flood." *See* 44 C.F.R. § 61 App. A(1) art. V(C). Courts of Appeals in two Circuits have found that the NFIP specifically excludes damages resulting from "earth movement" as compensable under an SFIP, even where that earth

5

movement was the result of flooding. *See Sodowski v. Nat'l Flood Ins. Program of FEMA*, 834 F.2d 653, 657-59 (7th Cir. 1987); *Wagner v. Director, FEMA*, 847 F.2d 515, 522-23 (9th Cir. 1988).

Plaintiff argues that the "earth movement" exclusion does not apply to this case. She points out that the SFIP article denying earth movement compensation also lists "some examples" of earth movement that are not covered under the policy: earthquakes, landslides, land subsidence, sinkholes, destabilization or movement of land from subsurface water, and erosion. *See* 44 C.F.R. § 61, App. A(1) art. V(C). Plaintiff maintains that all of these examples involve "fairly large" areas of land and "involve movement of land under the surface."

Plaintiff further alleges that the earth movement preceding the damage to her house involved a layer of sand placed on top of the ground by the building contractor as a base for pouring the concrete slab foundation for her home. Plaintiff cites to the affidavit of the contractor who built her home, wherein he stated that a sand subbase was put on top of the ground beneath her slab to increase the load that the slab could support, to reduce the risk of fracturing the slab, and to prevent water from the ground from moving into the slab. Plaintiff argues, "Accordingly, the layer of sand placed on top of the ground as the base for the slab in this case is a component of the construction of the house and it is separate and distinct from the ground underneath the layer of sand."

However, there is no support, in statute or precedent, for Plaintiff's characterization of the sand beneath her foundation as a component of her home and her resulting conclusion that the subsidence exclusion should not apply to the movement of this sand.

The evidence before this Court clearly indicates that the damage to the concrete slab, for which Plaintiff seeks compensation, occurred due to earth movement that resulted from the

floods. The AEDA report stated that the damage to the floor was the result of "excessive settlement." Plaintiff's engineer admitted that the sand beneath her concrete slab shifted. Whether the sand itself was the only material that shifted, or whether it shifted along with the natural dirt beneath, the end result is the same: earth movement caused damage to Plaintiff's home. Earth movement is not covered under the SFIP.

Accordingly, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment dismissing Plaintiff's complaint in its entirety, *see* Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment, *see* Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED**

Dated: September 15, 2015
Syracuse, New York

Frederick J. Scullin, Jr.
Senior U.S. District Judge