**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**MARIE CLIFFORD,**

                         **Plaintiff,**

                v.                               **8:12-CV-1331
                                                                           (FJS/RFT)**

**PREFERRED MUTUAL INSURANCE COMPANY,**

                         **Defendant.**

_____

**APPEARANCES**                                          **OF COUNSEL**

**NILES PILLER & BRACY PLLC**          **JOHN M. CROTTY, ESQ.**
46-48 Cornelia Street                              **EVAN F. BRACY, ESQ.**
P.O. Box 786
Plattsburgh, New York 12901-0786
Attorneys for Plaintiff

**ISEMAN CUNNINGHAM RIESTER**    **JAMES P. LAGIOS, ESQ.**
**& HYDE LLP**
9 Thurlow Terrace
Albany, New York 12203
Attorneys for Defendant

**NIELSEN CARTER & TREAS, LLC**      **MICHAEL D. BREININ, ESQ.**
3838 North Causeway Boulevard
Suite 2850
Metairie, Louisiana 70002
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff originally filed this action in New York Supreme Court, "seeking coverage for structural damage to her home following flooding in and around Lake Champlain, New York in the

spring of 2011." *See* Dkt. No. 15-13 at 1, 3. Defendant removed the action to this District.

Both parties moved for summary judgment. Plaintiff argued that the "exclusion relied upon by the Defendant [to deny coverage was] not applicable" to the circumstances surrounding the settlement of the concrete slab of her home. In a Memorandum-Decision and Order dated September 15, 2015, the Court denied Plaintiff's motion, granted Defendant's motion, and entered judgment in Defendant's favor. In doing so, the Court held that "[t]he evidence . . . clearly indicate[d] that the damage to the concrete slab . . . [had] occurred due to earth movement that resulted from the floods." *See* Dkt. No. 28 at 6-7.

Plaintiff now moves for reconsideration of that Memorandum-Decision and Order and Judgment. *See* Dkt. No. 30. Defendant opposes the motion. *See* Dkt. No. 31.

## II. DISCUSSION

Rule 59(e) of the Federal Rules of Civil Procedure empowers a court "to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 & n.11 (1982) (citing Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C., p. 491; 5 F.R.D. 433, 476 (1946)); *see also* Fed. R. Civ. P. 59(e).

Courts in this District "'recognize[] only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.'" *Oxford House, Inc. v. City of Albany*, 155 F.R.D. 409, 410 (N.D.N.Y. 1994) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citations omitted)). Whether the movant has satisfied the requirements for reconsideration is "'committed to the [court's] discretion and

will not be overturned on appeal absent an abuse of discretion.'" *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

This standard is "strict" and generally bars any motion for reconsideration that cannot "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The Second Circuit has made clear that "'Rule 59(e) is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bit at the apple. . . ."'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

As a basis for her motion for reconsideration, Plaintiff argues that the Court "made an error of law and overlooked evidence set forth in the reports and testimony of the engineers submitted by the parties in [their] respective Motion[s] for Summary Judgment." *See* Dkt. No. 30-8 at 2. To support her claim, Plaintiff relies on many of the same arguments that she raised to support her summary judgment motion For example, Plaintiff asserts that this Court "overlooked factual findings" cited in Exhibits G, I, and J, which were attached to her motion for summary judgment. *See* Dkt. No. 30-8 at 3-4. These factual findings, which include the engineers' independent conclusions that "some amount of vertical consolidation or settlement of the sand subbase under the concrete slab," *see id.* at 4, formed as a result of the flood, are facts that Plaintiff argues could "reasonably be expected to alter the conclusion reached by the Court," *see id.* at 2 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Ultimately, Plaintiff contends that the Court erred in finding that "the earth movement exclusion applies to the layer of sand used by the contractor as the subbase for the concrete slab." *See*

*id.* at 3.

Contrary to Plaintiff's argument, this Court addressed the engineers' reports and their findings in its Memorandum-Decision and Order. *See* Dkt. No. 28 at 6-7. The Court held that, although Plaintiff's engineer found that the sand beneath the slab had shifted, whether or not it was the sand itself that shifted, "the end result is the same: earth movement caused damage to Plaintiff's home." *See id.* at 7. Furthermore, Plaintiff does not offer a basis for her assertion that the sand is *not* "earth" for the purposes of the Standard Flood Insurance Policy ("SFIP"), and the Court's denial of her unsupported "characterization" acknowledges that. *See id.* at 6. In this regard, the Court stated that "there is no support, in statute or precedent, for Plaintiff's characterization of the [layer of] sand . . . as a component of her home" nor for her "resulting conclusion that the subsidence exclusion should not apply to the movement of this sand." *See id.*

As the above examples make clear, Plaintiff has not presented the Court with any evidence that the Court overlooked, nor has she demonstrated that the Court erred as a matter of law. Quite simply, Plaintiff disagrees with the Court's reasoning and is seeking a second bit of the apple, which is an improper use of a motion for reconsideration. *See Oxford House*, 155 F.R.D. at 410 (noting that litigants, when asserting a motion for reconsideration, should proceed with caution and "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant'" (quoting *Atkins*, 130 F.R.D. at 626 (footnote omitted))); *Rosenberger v. N.Y. State Office of Temp. & Disability Assistance*, No. 1:04-CV-0475, 2005 WL 235709, *2 (N.D.N.Y. Jan. 28, 2005) (holding that a movant's disagreement with the court's reasoning for denying a motion for summary judgment does not meet the burden necessary for reconsideration (citations omitted)).

## III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration, *see* Dkt. No. 30, is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 14, 2017
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge